**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiffs*
Our File No.: 114858

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Howard Dash and Ivan Castillo,<br><br>Plaintiffs,<br><br>vs.<br><br>Diversified Consultants Inc.,<br><br>Defendant. | Docket No:<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

BARSHAY | SANDERS PLLC
100 Garden City Plaza, Suite 500
Garden City, New York 11530

Howard Dash and Ivan Castillo (hereinafter referred to collectively as "*Plaintiffs*"), by and through the undersigned counsel, complain, state and allege against Diversified Consultants Inc. (hereinafter referred to as "*Defendant*"), as follows:

### INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

5. Plaintiff Howard Dash is an individual who is a citizen of the State of New York residing in Nassau County, New York.

6. Plaintiff Ivan Castillo is an individual who is a citizen of the State of New York residing in Suffolk County, New York.

7. Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3).

8. On information and belief, Defendant Diversified Consultants Inc., is a Florida Corporation with a principal place of business in Duval County, Florida.

9. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

10. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

11. Defendant alleges each of the Plaintiffs owe a debt ("the Debts").

12. The Debts were primarily for personal, family or household purposes and are therefore "debts" as defined by 15 U.S.C. § 1692a(5).

13. Sometime after the incurrence of the Debts, Plaintiffs fell behind on payments owed.

14. Thereafter, at an exact time known only to Defendant, the Debts were assigned or otherwise transferred to Defendant for collection.

15. In its efforts to collect the debt alleged owed by Plaintiff Dash, Defendant contacted Plaintiff Dash by letter ("the Dash Letter") dated February 10, 2017. ("**Exhibit 1**.")

16. In its efforts to collect the debt alleged owed by Plaintiff Castillo, Defendant contacted Plaintiff Castillo by letter ("the Castillo Letter") dated February 10, 2017. ("**Exhibit 1**.")

17. The Letter was the initial communication Plaintiff Dash received from Defendant.

18. The Letters are "communications" as defined by 15 U.S.C. § 1692a(2).

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

**FIRST COUNT**
**Violation of 15 U.S.C. §§ 1692e and 1692g**
**Amount of the Debt**
**AS TO PLAINTIFF DASH**

19. Plaintiff Dash repeats and realleges the foregoing paragraphs as if fully restated herein.

20. Plaintiff Dash's Debt was incurred on a personal cellular telephone account with Verizon Wireless.

21. The Letter sets forth a "Current Balance" of $1,312.00.

22. The Letter sets forth "Total Debt Due as of Charge-Off" in the amount of $1,111.87.

23. The Letter sets forth "Total Non-Interest Charges or Fees Since Charge-Off" in the amount of $200.13.

24. The Letter fails to provide information that would allow Plaintiff to determine what Plaintiff will need to pay to resolve the debt at any given moment in the future.

25. The Letter fails to provide information that would allow the least sophisticated consumer to determine what he or she will need to pay to resolve the debt at any given moment in the future.

26. The Letter fails to provide information that would allow the least sophisticated consumer to determine the amount of "Non-Interest Charges or Fees" owed.

27. For instance, the Letter fails to specify the nature of the "Non-Interest Charges or Fees."

28. For instance, the Letter fails to indicate the date of accrual of such "Non-Interest Charges or Fees."

29. For instance, the Letter fails to indicate the amount of "Non-Interest Charges or Fees" during any measurable period.

30. The Letter fails to contain an explanation, understandable by the least sophisticated consumer, of any fees that may cause the amount stated to increase.

31. The Letter fails to state what part of the amount stated is attributable to principal.

32. The Letter fails to state what part of the amount stated is attributable to late fees.

33. The Letter fails to state what part of the amount stated is attributable to other fees.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

34. The Letter fails to state that the creditor will accept payment of the amount set forth in full satisfaction of the debt if payment is made by a specified date.

35. The Letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine what she will need to pay to resolve the debt at any given moment in the future.

36. The Letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of his or her debt.

37. The Letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of her debt because the consumer would not know whether "Non-Interest Charges or Fees" would continue to accrue, or whether the amount of the debt was static.

38. The Letter, because it does not specify the nature of the "Non-Interest Charges or Fees," would render the least sophisticated consumer unable to determine the amount of her debt because the consumer would not even be able to make an educated guess as to whether the "Non-Interest Charges or Fees" consist of a static, one-time charge or whether such fees consist of dynamic charges that may increase with time.

39. The Letter, because identifies a "**Current** Balance" (emphasis added), suggests to the least sophisticated consumer that the balance may increase in the future.

40. The Letter, because of the aforementioned failures, did not convey "the amount of the debt" clearly from the perspective of the least sophisticated consumer.

41. The Letter, because of the aforementioned failures, did not convey "the amount of the debt" accurately from the perspective of the least sophisticated consumer.

42. The Letter, because of the aforementioned failures, did not convey "the amount of the debt" without ambiguity from the perspective of the least sophisticated consumer.

43. The Letter, because of the aforementioned failures, violates 15 U.S.C. § 1692e and 15 U.S.C. § 1692g. *See Balke v. Alliance One Receivables Management, Inc.*, No. 16-cv-5624(ADS)(AKT), 2017 WL 2634653 (E.D.N.Y. June 19, 2017).

## SECOND COUNT
**Violation of 15 U.S.C. § 1692e**
**False or Misleading Representations as to the Name of the**
**Creditor to Whom the Debt is Owed**

## AS TO PLAINTIFF CASTILLO

44. Plaintiff Castillo repeats and realleges the foregoing paragraphs as if fully restated herein.

45. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

46. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

47. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

48. A collection letter is deceptive under 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

49. A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

50. For purposes of 15 U.S.C. § 1692e, the failure to clearly and accurately identify the creditor to whom the debt is owed is unfair and deceptive to the least sophisticated consumer.

51. The identity of creditor to whom the debt is owed is a material piece of information to a consumer.

52. A debt collector has the obligation not just to convey the name of the creditor to whom the debt is owed, but also to convey such clearly.

53. A debt collector has the obligation not just to convey the name of the creditor to whom the debt is owed, but also to state such explicitly.

54. Even if a debt collector conveys the required information, the debt collector nonetheless violates the FDCPA if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty.

55. When determining whether the name of the creditor to whom the debt is owed has been conveyed clearly, an objective standard, measured by how the "least sophisticated consumer" would interpret the notice, is applied.

56. The Letter identifies an "Original Creditor" of "VERIZON."

57. The Letter identifies a "Current Creditor" of "VERIZON."

58. "VERIZON" is not specific enough to apprise the least sophisticated consumer of

BARSHAY | SANDERS<sub>PLLC</sub>
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

the identify of the creditor to whom the debt is owed.

59. There is no entity named "Verizon" registered with the New York State Department of State, Division of Corporations.

60. Conversely, there are ninety-five (95) disparate entities registered in New York that begin their legal name with "Verizon."

61. The least sophisticated consumer would likely be confused as to which of the ninety-five (95) disparate entities registered in New York that begin their legal named with "Verizon" is the creditor to whom the debt is owed.

62. The least sophisticated consumer would likely be uncertain as to which of the ninety-five (95) disparate entities registered in New York that begin their legal named with "Verizon" is the creditor to whom the debt is owed.

63. Defendant failed to explicitly state the name of the creditor to whom the debt is owed.

64. Defendant failed to clearly state the name of the creditor to whom the debt is owed.

65. The least sophisticated consumer would likely be confused as to the name of the creditor to whom the debt is owed.

66. The least sophisticated consumer would likely be uncertain as to the name of the creditor to whom the debt is owed.

67. Because the Letter can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate, as described, it is deceptive within the meaning of 15 U.S.C. § 1692e.

68. Because the Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer, as described, it is deceptive within the meaning of 15 U.S.C. § 1692e.

69. The least sophisticated consumer would likely be deceived by the Letter.

70. The least sophisticated consumer would likely be deceived in a material way by the Letter.

71. Defendant violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

## JURY DEMAND

72. Plaintiffs hereby demand a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully request judgment as follows:

a. Damages against Defendant in favor of Plaintiff Howard Dash pursuant to 15 U.S.C. § 1692k; and

b. Damages against Defendant in favor of Plaintiff Ivan Castillo pursuant to 15 U.S.C. § 1692k; and

c. Plaintiffs' attorneys' fees pursuant to 15 U.S.C. § 1692k; and

d. Plaintiffs' costs; all together with

e. Such other relief that the Court determines is just and proper.

DATED: February 12, 2018

**BARSHAY SANDERS, PLLC**

By: _/s/ Craig B. Sanders_
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiffs*
Our File No.: 114858